IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE MARSDEN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN A. PALAKOVICH, ET AL | : | NO. 10-5410 |

MEMORANDUM

**Padova, J.** November 22, 2010

*Pro se* Plaintiff George Marsden brings this action *in forma pauperis* against John A. Palakovich, the warden of the State Correctional Institute at Camp Hill, Pennsylvania ("SCI Camp Hill"); Dr. Koierowski, a doctor at the State Correctional Institute at Graterford, Pennsylvania ("SCI Graterford"); and Michael Wenerowicz, the warden of SCI Graterford, pursuant to 42 U.S.C. § 1983, alleging that he has not received the cancer treatment he requires since he was transferred from SCI Graterford to SCI Camp Hill. Plaintiff seeks compensatory and injunctive relief. Currently before the Court are Plaintiff's request for a temporary restraining order and request for appointment of counsel. We have conducted the screening required by 28 U.S.C. § 1915A, and conclude, for the following reasons, that Koierowski and Wenerowicz should be dismissed as Defendants to this action, that venue is inappropriate in this district, and that this action should be transferred to the United States District Court for the Middle District of Pennsylvania.

**I.      BACKGROUND[1]**

Plaintiff is presently incarcerated by the Commonwealth of Pennsylvania at the State Correctional Institute at Camp Hill, Pennsylvania. (Am. Compl. ¶ 2.) He suffers from

---

[1] Our summary of the factual background of this case is drawn from the Amended Complaint and the documents attached thereto.

Non-Hodgkin's Lymphoma. (Id. ¶ 16[2] and Ex. A.) He is a patient of Rajesh Thirumaran, M.D., and was supposed to be treated with Rituxan on September 23, 2010; September 30, 2010; October 7, 2010; and October 14, 2010. (April 30, 2010 Letter from Dr. Thirumaran.) Plaintiff was examined by Dr. Koierowski at SCI Graterford on August 23, 2010 and transferred to SCI Camp Hill on September 1, 2010. (Pl. Grievance No. 335559, 10/12/10 letter to Bill Adolph, letter from Marsen to Thirumaran.) He has not received any of his Rituxan treatments. (Pl. Grievance No. 335559.)

The Amended Complaint asserts one claim against all Defendants for cruel and unusual punishment in violation of the Eighth Amendment. (Am. Compl. ¶ 15.) Plaintiff seeks compensatory damages of $3,500,000 against each Defendant and punitive damages of $3,500,000 against each Defendant. (Id. ¶¶ 19-20.) Plaintiff recently filed a document entitled "Injunction A Temporary Restraining Order" in which he asks the Court to issue a preliminary injunction. Although neither the Amended Complaint nor Plaintiff's request for an injunction state the specific injunctive relief he seeks, we assume that Plaintiff wants the Court to Order Warden Palakovich to ensure that he receives the Rituxan treatments ordered by Dr. Thirumaran.

## II. LEGAL STANDARD

Plaintiff is a prisoner of the Commonwealth of Pennsylvania and seeks redress from officers and employees of governmental entities. We are thus required to review his Amended Complaint, "as soon as practicable after docketing . . . ." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). We

---

[2]This fact appears in the second paragraph 16 of the Amended Complaint.

review the sufficiency of the pleadings under § 1915A using the same standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Walker v. Hensley. Civ. A. No. 08-685, 2009 WL 5064357, at *4 (E.D. Pa. Dec. 23, 2009) ("The legal standard for dismissing a complaint for failure to state a claim pursuant to . . . Section 1915A is identical to the legal standard used when ruling on a Rule 12(b)(6) motion." (citations omitted)).

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), we look primarily at the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). Legal conclusions, however, receive no deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986) (citations omitted) (cited with approval in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). In the end, we will dismiss a complaint if the factual

allegations in the complaint are not sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).

## III. DISCUSSION

### A. Plaintiff's Eighth Amendment Claim

Plaintiff has brought his claims pursuant to 42 U.S.C. § 1983, which provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws. It does not, by its own terms, create substantive rights." Kaucher v. Cnty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (footnote omitted) (citing Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979)); see also City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985) (stating that Section 1983 "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere" (citing Baker, 443 U.S. at 140, 144 n.3)). Consequently, in order to state a claim for relief pursuant to Section 1983, "a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." Kaucher, 455 F.3d at 423 (citing Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999), and Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

The Amended Complaint alleges that the Defendants' failure to provide him with necessary

4

treatment for his Non-Hodgkin's Lymphoma violates his rights under the Eighth Amendment.

The Supreme Court has determined that failure to provide adequate medical treatment to a prisoner violates the Eighth Amendment when it results from "deliberate indifference to a prisoner's serious illness or injury." Estelle v. Gamble, 429 U.S. 97, 105 (1976). In order to state a claim that the medical care provided by Defendants violated his Eighth Amendment rights, Plaintiff must allege that his medical needs were serious and that prison officials were deliberately indifferent to those needs. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). "[C]laims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" Id. The Supreme Court explained in Estelle that: "'[I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind.'" Id. (internal quotations marks omitted) (quoting Estelle, 429 U.S. at 105, and citing Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993), and White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990)). The United States Court of Appeals for the Third Circuit has explained that deliberate indifference requires "'obduracy and wantonness,' which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk." Id. (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986), and citing Farmer v. Brennan, 511 U.S. 825, 842 (1994)). The Third Circuit has found deliberate indifference in the following circumstances: (1) where the prison official "knows of a prisoner's need for medical treatment but intentionally refuses to provide it;" (2) where the prison official "delays necessary medical treatment based on a non-medical reason;" (3) where the prison official "prevents a prisoner from receiving needed or recommended medical treatment[;]" and (4) "where the prison official persists in a particular course of treatment 'in the face of resultant pain and risk of permanent injury.'" Id. (citing

Durmer, 991 F.2d at 68, and quoting Napoleon, 897 F.2d at 109).

The Amended Complaint does not allege that either Warden Wenerowicz or Dr. Koierowski prevented him from obtaining necessary medical care for his Non-Hodgkin's Lymphoma, or delayed his medical care for that illness. Indeed, the alleged delay in the provision of Plaintiff's necessary medical care has occurred only since Plaintiff was transferred to SCI Camp Hill. "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing . . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.'" Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (first alteration in original) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). In addition, "[i]ndividual defendants who are policymakers may be liable under § 1983 if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" A.M. v. Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004) (second alteration in original) (quoting Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 725 (3d Cir. 1989)).

Since the Amended Complaint does not allege that either Warden Wenerowicz or Dr. Koierowski had any personal involvement in SCI Camp Hill's failure to provide Plaintiff with necessary medical treatment for his Non-Hodgkins Lymphoma, or that either of these Defendants established and maintained a policy that led to SCI Camp Hill's failure to provide Plaintiff with necessary medical treatment, we conclude that the Amended Complaint fails to state a claim against either Warden Wenerowicz or Dr. Koierowski pursuant to Section 1983 upon which relief may be granted. These individuals are, therefore, dismissed as Defendants to this action.

"[I]n civil rights cases, district courts must offer amendment – irrespective of whether it was

requested – when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). Futility "means that the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted). "In assessing 'futility,'[w]e appl[y] the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id. (citation omitted). Since the deprivation of Plaintiff's rights under the Eighth Amendment is alleged to have occurred only after he was transferred from SCI Graterford to SCI Camp Hill, at a time when he was not under the control of Warden Wenerowicz or being treated by Dr. Koierowski, we find that further amendment would be futile. The claims asserted against Warden Wenerowicz and Dr. Koierowski in the Amended Complaint are, accordingly, dismissed with prejudice.

B.  Venue

Since Warden Wenerowicz and Dr. Koierowski have been dismissed as Defendants to this action, we examine whether venue is still appropriate in this district.[3] The venue provisions of 28 U.S.C. § 1391 apply in cases brought pursuant to Section 1983. Urrutia v. Harrisburg Cnty. Police Dep't, 91 F.3d 451, 462 (3d Cir. 1996) (citing Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976)). Pursuant to § 1391(b):

---

[3]The Court may consider whether venue is appropriate *sua sponte*. See Smothers v. Quillin, Civ. A. No. 09-4241, 2010 WL 1380384, at *2 (D.N.J. Apr. 1, 2010) (citations omitted)); see also Bank Express Int'l v. Kang, 265 F. Supp. 2d 497, 508 n.12 (E.D. Pa. 2003) ("Although no party has requested it, we may transfer venue under § 1404(a) *sua sponte*." (citing Chukwu v. Air France, 218 F. Supp. 2d 979, 990 (N.D. Ill. 2002)). "Courts often give parties an opportunity to brief the transfer issue before entry of the transfer order." Bank Express Int'l, 265 F. Supp. 2d at 508 n.12 (citations omitted)). Such an opportunity is not necessary in this case, however, since it is clear that venue is inappropriate in this district. See id.

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). The only Defendant remaining in this action is Warden Palakovich, the warden of SCI Camp Hill. SCI Camp Hill is located in Camp Hill, Pennsylvania, which is in the Middle District of Pennsylvania. See Favors v. Pennsylvania Dep't of Corrs, Civ. A. No. 10-887, 2010 WL 3985247, at *2 (E.D. Pa. Sept. 21, 2010) (citing www.cor.state.pa.us and 28 U.S.C. § 118). The events which are alleged to give rise to Plaintiff's claim, i.e., the failure to provide him with necessary medical treatment, are alleged to have occurred solely in the Middle District of Pennsylvania. Consequently, venue in this case is appropriate only in the Middle District of Pennsylvania. This action will, accordingly, be transferred to the United States District Court for the Middle District of Pennsylvania.

## IV. CONCLUSION

For the reasons stated above, we conclude that the Amended Complaint fails to allege facts sufficient to state a claim upon which relief may be granted against Warden Wenerowicz and Dr. Koierowski. The claims against these Defendants are dismissed with prejudice pursuant to 28 U.S.C. § 1915A and these Defendants are dismissed as Defendants to this action. Since venue will not be appropriate in this district in the absence of any defendants who are located here, this action

is transferred to the United States District Court for the Middle District of Pennsylvania, where the remaining Defendant resides and where all of the actions giving rise to Plaintiff's claim arose.

An appropriate order follows.

BY THE COURT:

/s/ John R. Padova

_____
John R. Padova, J.